In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-009 CV


____________________



GULF COAST CARDIOLOGY GROUP, P.A., Appellant



V.



GHYATH SAMMAN, M.D., Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-165,507






MEMORANDUM OPINION


 This appeal arises from a judgment in favor of Ghyath Samman, M.D. Gulf Coast
Cardiology Group, P.A. (the Group) appeals the trial court's judgment on two grounds. 
Issue one contends the trial court erred in denying the Group's motion to compel
arbitration. In its second and third issues, the Group argues the trial court erred in
granting Dr. Samman's motion for summary judgment.

 The employment agreement between Dr. Samman and the Group does not contain
an arbitration clause. We are aware of no authority, and the Group cites none, holding
section 15.50 (b) (2) interjects an agreement to arbitrate. See Tex. Bus. & Comm. Code
Ann. § 15.50 (b) (2) (Vernon 2002) (1). Accordingly, we find the trial court did not err in
denying the motion to compel arbitration. Issue one is overruled.

 The employment agreement contains a covenant not to compete. Section 15.50 (b)
(2) provides a covenant not to compete is unenforceable against a licensed physician if it
fails to provide for a buy out of the covenant by the physician. The covenant between the
Group and Dr. Samman contains no such provision. (2) Consequently, the trial court did not
err in granting summary judgment in favor of Dr. Samman.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on July 17, 2002

Opinion Delivered August 15, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. § 15.50. Criteria for Enforceability of Covenants Not to Compete


 . . . .


 (b) A covenant not to compete is enforceable against a person licensed as a
physician by the Texas State Board of Medical Examiners if such covenant complies with
the following requirements:

 (1) the covenant must:

 (A) not deny the physician access to a list of his patients whom he had seen
or treated within one year of termination of the contract or employment;

 (B) provide access to medical records of the physician's patients upon
authorization of the patient and any copies of medical records for a reasonable fee as
established by the Texas State Board of Medical Examiners under Section 159.008,
Occupations Code; and

 (C) provide that any access to a list of patients or to patients' medical records
after termination of the contract or employment shall not require such list or records to be
provided in a format different than that by which such records are maintained except by
mutual consent of the parties to the contract;

 (2) the covenant must provide for a buy out of the covenant by the physician at a
reasonable price or, at the option of either party, as determined by a mutually agreed upon
arbitrator or, in the case of an inability to agree, an arbitrator of the court whose decision
shall be binding on the parties; and

 (3) the covenant must provide that the physician will not be prohibited from
providing continuing care and treatment to a specific patient or patients during the course
of an acute illness even after the contract or employment has been terminated. 
2. The covenant not to compete also fails to incorporate the other requirements of
section 15.50 (b).